UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| DANIEL H. JONES, | ) |
| Plaintiff, | ) Civil No. 6: 22-165-WOB |
| V. | ) |
| JUDGE KENT HENDRICKSON, *et al.*, | ) **MEMORANDUM OPINION** |
| Defendant. | ) **AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Daniel H. Jones is an inmate currently confined at the Turney Center Industrial Complex located in Only, Tennessee. Proceeding without an attorney, Jones has filed a civil complaint pursuant to 42 U.S.C. § 1983 against Defendants Harlan County (Kentucky) Circuit Court Judge Kent Hendrickson, Kentucky Court of Appeals Judge Glenn E. Acree, Kentucky Supreme Court Justice Christopher S. Nickell, and the Commonwealth of Kentucky [R. 1] and a motion to proceed *in forma pauperis*. [R. 3] The Court has reviewed the fee motion and will grant the request on the terms established by 28 U.S.C. § 1915(b). Because Jones has been granted *pauper* status in this proceeding, the $52.00 administrative fee is waived. District Court Miscellaneous Fee Schedule, § 14.

The Court must conduct a preliminary review of Jones's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, because Jones is a prisoner proceeding *in forma pauperis*. Upon initial screening, the Court must dismiss any claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is obviously immune from such relief. *See McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). At this stage, the Court accepts Jones's factual allegations as true and liberally construes Jones's legal

claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Jones's complaint is evaluated under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).

Although the allegations of Jones's complaint are not entirely clear, he identifies his complaint as "a Title 42 U.S.C. § 1983 action…alleging violations of his Constitutional rights to file and appeal a decision rendered in a state court denying the relief sought in seeking declaratory and injunctive relief, as well as damages pursuant to Kentucky Constitution, § 231 and for the injuries incurred by this Commonwealth." [R. 1 at p. 1] Jones alleges that he filed a "state Constitutional Tort Action" against the Commonwealth of Kentucky in July 2017 related to a claim that the Commonwealth had withheld evidence that could have exculpated him from his charged offense of rape, and this "action" was denied. [*Id*. at p. 3] He states that, although he appealed the "trial court's denial of his Tort," the trial court was affirmed. [*Id*. at p. 3-4] He also appears to suggest that he is improperly required to register as a sex offender. [*Id*. at p. 4]

In his complaint, he seeks to sue the Commonwealth, as well as Judges Hendrickson and Acree and Justice Nickell based upon "[t]he failure of each defendant, and in accordance with their individual and official capacities' responsibilities to act on his knowledge of a substantial risk of serious harm…to the Plaintiff's right to have exculpatory evidence revealed, as well as to allow his access to be heard thereon," in violation of Jones's rights under the Sixth, Eighth, and Fourteenth Amendments. As relief, he seeks a declaration that each Defendant violated Jones's constitutional rights; an injunction "requiring each defendant to agree to such actions as a REVERSAL, REMAND, HEARING AND/OR TRIAL BY JURY" to provide Jones with Due Process; and damages in the amount of $500,000.00 per year since 1974. [*Id*. at p. 7]

However after reviewing Jones's complaint, the Court concludes that it must be dismissed for multiple reasons. First, Jones's complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a pleading stating a claim for relief to contain "a short and plain statement of the claim" showing entitlement to relief, *see* Fed. R. Civ. P. 8(a)(2), as well as allegations that are "simple, concise, and direct." *See* Fed. R. Civ. P. 8(d)(1). Federal notice pleading requires that, at a minimum, a complaint must advise each defendant of what he allegedly did or did not do that forms the basis of the plaintiff's claim against him. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008). *See also Kensu v. Corizon, Inc.*, 5 F.4th 646, 651 (6th Cir. 2021). ("The district court and defendants should not have to 'fish a gold coin from a bucket of mud' to identify the allegations really at issue.") (quoting *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)). While "[t]he federal pleading standard is quite liberal…there is still a standard to meet." *Id*. at 653. Jones's allegations are vague and entirely conclusory, which is insufficient to adequately plead a claim for relief. *See Iqbal*, 556 U.S. at 678 ( "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned the-defendant-unlawfully-harmed-me accusation."); *Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.").

More critically, all of the Defendants against whom Jones seeks relief are obviously immune from his claims. Jones's request for monetary relief against the Commonwealth of Kentucky is barred by the Eleventh Amendment, which specifically prohibits federal courts from exercising subject matter jurisdiction over a suit for damages brought directly against a state, its agencies, and state officials sued in their official capacities. *Puerto Rico Aqueduct and Sewer*

3

*Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984).

In addition, his claims against Judge Hendrickson, Judge Acree, and Justice Nickell seek relief based on decisions and rulings made during the course of judicial proceedings, thus they are clearly barred by judicial immunity. Judges have long been entitled to absolute judicial immunity from tort claims arising out of their performance of functions integral to the judicial process. *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967). Indeed, "judicial immunity is not overcome by allegations of bad faith or malice..." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Here, the judicial conduct alleged by Jones falls squarely within the individual judge's respective roles as trial and appellate judges. *See Huffer v. Bogen*, 503 F. App'x 455, 459 (6th Cir. 2012 )("[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity.") (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). Thus, each of the individual judges named as defendants are entitled to absolute judicial immunity against Jones's claims.

Finally, this action is barred by res judicata. Jones's complaint is substantively similar to a complaint that he filed in this Court in 2018, *Jones v. Commonwealth of Kentucky, et al.*, No. 6:18-cv-096-KKC (E.D. Ky. 2018). In that complaint, brought against the Commonwealth of Kentucky, Judge Hendrickson, and "Justices Acree, Nickell, Venters, Wright, Cunningham and Hughes" of the Kentucky Court of Appeals and the Kentucky Supreme Court, Jones also claimed violations of his "state and U.S. constitutional rights," related to a civil complaint Jones had filed with the Harlan Circuit Court in July 2017 regarding evidence that he claimed "negated" his guilt for his rape conviction. [*Id*. at R. 1] Jones's prior complaint was dismissed on initial screening

for failure to state a claim for which relief may be granted because the Defendants were immune from Jones's claims. [*Id*. at R. 9] The dismissal of Jones's complaint was affirmed on appeal to the United States Court of Appeals for the Sixth Circuit [*Id*. at R. 18] and Jones's petition for a writ of certiorari was denied by the United States Supreme Court. [*Id*. at R. 21]

Res judicata encompasses the doctrine of issue preclusion, which prohibits a party from relitigating an issue that has already been decided. *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984).[1] This Court previously concluded that the Commonwealth of Kentucky, Judges Hendrickson and Acree, and Justice Nickell are immune from suit and Jones may not seek a different result by simply filing suit a second time.

For all of these reasons, Jones's complaint will be dismissed for failure to state a claim for which relief may be granted.

Accordingly, it is hereby **ORDERED** as follows:

1. Jones's motion to proceed *in forma pauperis* [R. 3] is **GRANTED**. Section 1915(b)(1) requires a prisoner-plaintiff to pay the $350.00 filing fee for a civil action as set forth below:

    a. The financial documentation filed by Jones indicates that he lacks sufficient income or assets to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1)(A), and payment of such fee is therefore **DEFERRED**;

---

[1] A claim is barred by res judicata:
>if all of the following elements are present: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action."

*Browning v. Levy*, 283 F.3d 761, 772 (6th Cir. 2002) (quoting *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997)).

    b. The Clerk of the Court shall open an account in Jones's name for receipt of the filing fee. The Clerk shall complete a Notice of Payment Form (Form EDKY 525) with (a) Jones's name, (b) his inmate registration number, and (c) this case number. The Clerk shall serve a copy of this Order and the Notice of Payment Form upon the Jailer/Warden of the institution in which Jones is currently confined;

    c. Each month Jones's custodian shall send the Clerk of the Court a payment in an amount equal to 20% of his income for the preceding month out of his inmate trust fund account, but only if the amount in the account exceeds $10.00. The custodian shall continue such monthly payments until the entire $350.00 filing fee is paid. 28 U.S.C. § 1915(b)(2);

2.     Jones's Complaint [R. 1] is **DISMISSED**, with prejudice;

3.     The Court will enter an appropriate Judgment; and

4.     This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

This the 14th day of September, 2022.



Signed By:
*William O. Bertelsman* WOB
United States District Judge